IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DEJESUS COLLINS, *#366-774*, *#1746-140*,       *

Plaintiff,                             *

v.                                 *        Civil Action No. JKB-19-2527

WARDEN,                      *

Defendant.                  *
                                  ***

## <u>MEMORANDUM OPINION</u>

Self-represented Plaintiff DeJesus Collins, an inmate currently incarcerated at Jessup Correctional Institution ("JCI") in Jessup, Maryland, filed the above-captioned 42 U.S.C. § 1983 civil rights Complaint against the JCI Warden on August 29, 2019, alleging that his cell does not have a working toilet. ECF No. 1. He seeks monetary damages. *Id.* at 4.

On February 14, 2019, Defendant filed a Motion to Dismiss, or in the Alternative, Motion for Summary Judgment. ECF No. 9. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the Court informed Plaintiff that the failure to file a response in opposition to Defendant's motion could result in dismissal of the Complaint. ECF No. 10. Plaintiff filed nothing further.

This Court deems a hearing unnecessary. *See* Local Rule 105.6 (D. Md. 2016). For the reason set forth below, Defendant's Motion, construed as one for summary judgment, shall be granted.

## Background

Plaintiff suffers from a medical condition that requires frequent bathroom use. Complaint at 3, ECF No. 1. He claims that on April 24, 2019, the toilet in his cell at JCI stopped working. *Id.* at 2. Plaintiff was later informed that the toilet could not be fixed and he could not be moved to a different cell. *Id.* Instead, he was instructed to extend his arm out of his cell whenever he

needed to use the bathroom so that a correctional officer could take him to a working toilet.  *Id.* at 2-3.  Plaintiff claims that correctional officers do not let him out between 11 p.m. to 7 a.m. when they are asleep, and he is forced to use a bag or a bottle.  *Id.* at 3.  As of August 22, 2019, a week before the Complaint was received by the Court, Plaintiff remained housed in that cell.  *Id.*

According to the Administrative Remedy Procedure ("ARP") Coordinator at JCI, no ARPs were received from Plaintiff complaining about his toilet from April 2019 to May 2019.  Affidavit of Shakeya Sellman, ECF No. 9-2.  On August 26, 2019, Plaintiff was moved to a different cell. Inmate Traffic History, ECF No. 9-3.

### Standards of Review

Defendant's motion is styled as a motion to dismiss under Fed. R. Civ. P. 12(b)(6) or, in the alternative, for summary judgment under Fed. R. Civ. P. 56.  A motion styled in this manner implicates the Court's discretion under Rule 12(d) of the Federal Rules of Civil Procedure.  *See Kensington Vol. Fire Dept., Inc. v. Montgomery Cty.*, 788 F. Supp. 2d 431, 436-37 (D. Md. 2011).

Ordinarily, a court "is not to consider matters outside the pleadings or resolve factual disputes when ruling on a motion to dismiss."  *Bosiger v. U.S. Airways, Inc.*, 510 F.3d 442, 450 (4th Cir. 2007).  However, under Rule 12(b)(6), a court, in its discretion, may consider matters outside of the pleadings, pursuant to Rule 12(d).  If the court does so, "the motion must be treated as one for summary judgment under Rule 56," and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."  Fed. R. Civ. P. 12(d); *see Adams Hous., LLC v. The City of Salisbury, Maryland*, 672 F. App'x. 220, 222 (4th Cir. 2016) (per curiam).  But, when the movant expressly captions its motion "in the alternative" as one for summary judgment and submits matters outside the pleadings for the court's consideration, the parties are deemed to be on notice that conversion under Rule 12(d) may occur; the court "does

not have an obligation to notify parties of the obvious." *Laughlin v. Metro. Wash. Airports Auth.*, 149 F.3d 253, 261 (4th Cir. 1998).

Because Defendant filed a motion titled "Motion to Dismiss or, in the Alternative, Motion for Summary Judgment" along with documents in support, Plaintiff was on notice that the Court could treat Defendant's motion as one for summary judgment and rule on that basis. *See id*. Accordingly, the Court will review Plaintiff's claim under the Rule 56(a) standard.

Rule 56(a) provides that summary judgment should be granted "if the movant shows that there is no *genuine* dispute as to any *material* fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a) (emphases added). "A dispute is genuine if 'a reasonable jury could return a verdict for the nonmoving party.'" *Libertarian Party of Va. v. Judd*, 718 F.3d 308, 313 (4th Cir. 2013) (quoting *Dulaney v. Packaging Corp. of Am.*, 673 F.3d 323, 330 (4th Cir. 2012)). "A fact is material if it 'might affect the outcome of the suit under the governing law.'" *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Accordingly, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment[.]" *Anderson*, 477 U.S. at 247-48 (emphasis in original). The Court must view the evidence in the light most favorable to the nonmoving party, *Tolan v. Cotton*, 572 U.S. 650, 656-57 (2014) (per curiam) (citation and quotation omitted), and draw all reasonable inferences in that party's favor, *Scott v. Harris*, 550 U.S. 372, 378 (2007) (citations omitted); *see also Jacobs v. NC. Admin. Office of the Courts*, 780 F.3d 562, 568-69 (4th Cir. 2015). At the same time, the Court must "prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat v. Balt. Ravens Football Club, Inc.*, 346 F.3d 514, 526 (4th Cir. 2003) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993)).

**Analysis**

The Eighth Amendment proscribes "unnecessary and wanton infliction of pain" by virtue of its guarantee against cruel and unusual punishment.  U.S. Const, amend. VIII; *Gregg v. Georgia*, 428 U.S. 153, 173 (1976); *see Estelle v. Gamble*, 429 U.S. 97, 102 (1976); *King v. Rubenstein*, 825 F.3d 206, 218 (4th Cir. 2016).  Conditions which "deprive inmates of the minimal civilized measure of life's necessities" may amount to cruel and unusual punishment.  *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).  To the extent Plaintiff alleges that he was housed in a cell with a broken toilet, he raises a conditions claim.

In response, Defendant argues that Plaintiff has failed to exhaust his administrative remedies, failed to allege a plausible claim of deliberate indifference under the Eighth Amendment, failed to allege any personal involvement on the part of Defendant, and that Defendant is entitled to qualified immunity.  ECF No. 9-1.  The Court agrees that Plaintiff has failed to exhaust his administrative remedies.  Therefore, the Court need not, and does not, address Defendant's additional arguments.

Plaintiff's claim is subject to dismissal pursuant to the Prisoner Litigation Reform Act ("PLRA"), 42 U.S.C. §1997e, because it has not been properly presented through the administrative remedy procedure.  The PLRA provides in pertinent part that:

> No action shall be brought with respect to prison conditions under
>
> section 1983 of this title, or any other Federal law, by a prisoner
>
> confined in any jail, prison, or other correctional facility until such
>
> administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).  For purposes of the PLRA, "the term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or

adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."  42 U.S.C. § 1997e(h).  The phrase "prison conditions" encompasses "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."  *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *see Chase v. Peay*, 286 F.Supp.2d 523, 528 (D. Md. 2003), *aff'd*, 98 Fed. App'x. 253 (4th Cir. 2004).

Notably, administrative exhaustion under § 1997e(a) is not a jurisdictional requirement and does not impose a heightened pleading requirement on the prisoner.  Rather, the failure to exhaust administrative remedies is an affirmative defense to be pleaded and proven by defendants.  *See Jones v. Bock*, 549 U.S. 199, 215-16 (2007); *Anderson v. XYZ Corr. Health Servs., Inc.*, 407 F.2d 674, 682 (4th Cir. 2005).  Nevertheless, a claim that has not been exhausted may not be considered by this Court.  *See Bock*, 549 U.S. at 220.  In other words, exhaustion is mandatory, and a court usually may not excuse an inmate's failure to exhaust.  *See Ross v. Blake*, 136 S.Ct. 1850, 1856-57 (2016).

Ordinarily, an inmate must follow the required procedural steps in order to exhaust his administrative remedies.  *Moore v. Bennette*, 517 F.3d at 725, 729; *see Langford v. Couch*, 50 F.Supp. 2d 544, 548 (E.D. Va. 1999) ("[T]he . . . PLRA amendment made clear that exhaustion is now mandatory.").  Exhaustion requires completion of "the administrative review process in accordance with the applicable procedural rules, including deadlines."  *Woodford v. Ngo*, 548 U.S. 81, 88, 93 (2006).  This requirement is one of "proper exhaustion of administrative remedies, which 'means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits).'"  *Id.* (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)) (emphasis in original).  But, the Court is "obligated to ensure that any defects in

[administrative] exhaustion were not procured from the action or inaction of prison officials." *Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007); *see Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006).

To pursue a grievance, a prisoner confined in a Maryland prison may file a grievance with the Inmate Grievance Office ("IGO") against any Division of Correction official or employee. Md. Code Ann. (2008 Repl. Vol.), Corr. Servs. ("C.S.") § 10-206(a).  However, if the prison has a grievance procedure that is approved by the IGO, the prisoner must first follow the institutional ARP process before filing a grievance with the IGO.  *See* C.S. § 10-206(b).

Inmates housed at an institution operated by Maryland Department of Public Safety and Correctional Services ("DPSCS") may avail themselves of the administrative grievance process which is designed for "inmate complaint resolution."  *See generally* C.S. §§ 10-201 *et seq.*; Code of Maryland Regulations ("COMAR") 12.07.01.01B(1) (defining "ARP").  If an ARP is filed and denied, the prisoner may appeal the denial with 30 days to the Commissioner of Correction.

If the Commissioner of Correction denies the appeal, the prisoner may file a grievance with the IGO, also within 30 days. C.S. § 10-206(a); C.S. § 10-210; COMAR 12.07.01.05B.  The prisoner must include in the grievance copies of the initial request or administrative remedy, the Warden's response to that request, a copy of the ARP appeal filed with the Commissioner of Correction, and a copy of the Commissioner's response.  COMAR 12.07.01.04(B)(9)(a).  If the grievance is determined to be "wholly lacking in merit on its face," the IGO may dismiss it without a hearing.  C.S. § 10-207(b)(1); *see* COMAR 12.07.01.07B.  An order of dismissal constitutes the final decision of the Secretary of DPSCS for purposes of judicial review.  C.S. § 10-207(b)(2)(ii).

Here, it does not appear that Plaintiff filed an ARP regarding his broken toilet.  Defendant avers that Plaintiff did not file an ARP within the first two months of the incident, and Plaintiff

6

states nothing to dispute this, either regarding April and May of 2019, or the months that followed until he was transferred to another cell.  As discussed above, the PLRA requires that inmates exhaust all available remedies.  Because Plaintiff failed to do so, Defendant is entitled to summary judgment.

## Conclusion

Summary judgment will be granted in favor of Defendant due to Plaintiff's failure to exhaust administrative remedies.  A separate Order follows.


Dated this 10th day of June, 2020.

FOR THE COURT:


_____/s/_____
James K. Bredar
Chief Judge